## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

MAURICE CHARLES,           )
                           )
         Petitioner,       )
                           )
    vs.                    )  Case No. 06-0062-CV-W-ODS-P
                           )
JAMES PURKETT,             )
                           )
         Respondent.       )

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2000 convictions ans sentences for second degree murder and armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner raises four (4) grounds for relief: (1) trial counsel was ineffective for failing to present a "viable defense"[1] after the trial court rejected petitioner's "battered spouse syndrome" argument prior to trial; (2) direct appeal counsel was ineffective for failing to argue that the trial court erred by failing to allow petitioner to present evidence of the victim's prior acts of violence against petitioner; (3) direct appeal counsel was ineffective in failing to argue that the trial court erred in failing to grant a continuance "to prepare a viable defense" after the trial court rejected petitioner's "battered spouse syndrome" defense; and(4) direct appeal counsel was ineffective for failing to argue that the trial court erred by preventing petitioner from presenting evidence that the victim had a gun in his possession when the police and ambulance arrived at the scene of the crime.

Respondent contends that all of petitioner's grounds for relief are procedurally barred from

---

[1]As respondent argues, petitioner does not specify in his petition what defense he wanted trial counsel to present. Doc. No. 8, p. 3.

federal habeas corpus review because he failed to raise them on appeal from the denial of his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15. Doc. No. 8, pp. 3-4.[2] Petitioner replies that post-conviction appellate counsel failed to raise his grounds on appeal from denial of the Rule 29.15 motion even though he knew that petitioner wanted him to do so.

In his amended Rule 29.15 motion, petitioner raised three claims of ineffective assistance of direct appeal counsel (as in Grounds 2-4 herein) and an ineffective assistance of trial counsel claim that is somewhat similar to Ground 1 herein. See Respondent's Exhibit F, pp. 9-17. On appeal from denial of his Rule 29.15 motion, however, petitioner raised only one claim– that trial counsel was ineffective for failing to request the trial court to consider petitioner's and Dr. Delaney Dean's testimony as evidence of petitioner's diminished mental capacity at the time of the offenses. Respondent's Exhibit H, p. 15; Respondent's Exhibit J, p. 2. As proof of his attempt to present all of his claims to the state courts, petitioner attaches a copy of a motion to recall the mandate, which petitioner filed on February 28, 2005, in the Missouri Court of Appeals, Western District, requesting the state appellate court to require the Rule 29.15 trial court to issue findings of fact and conclusions of law on petitioner's ineffective assistance of direct appeal counsel claims (Grounds 2-4) herein. Petitioner's Exhibit #2.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural

---

[2]Respondent incorrectly numbered petitioner's grounds for relief, but addressed each of them in his response.

default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

If petitioner contends that ineffective assistance of direct appeal counsel and/or Rule 29.15 appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Because petitioner failed properly to present the alleged ineffectiveness of appellate and/or post-conviction counsel to the state courts, he has failed to demonstrate legally sufficient cause for his default. Moreover, ineffective assistance of post-conviction counsel or post-conviction appellate counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998).

Even considering petitioner's Ground 1 herein to be the same claim that he presented to the state courts in his Rule 29.15 motion and appeal from denial thereof, the Missouri Court of Appeals' resolution of this claim was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. See 28 U.S.C. 2254(d)(1). The state appellate court

3

recounted the facts regarding the offer of proof that trial counsel made on the day of trial as to why he should be allowed to proceed on a claim of self-defense based on the battered spouse syndrome, a type of post-traumatic stress disorder(PTSD). After hearing testimony from petitioner and Dr. Delaney Dean, a psychologist, the trial court rejected petitioner's offer of proof. The Rule 29.15 appellate court ruled that the motion court was not clearly mistaken in concluding that petitioner was not prejudiced by his trial counsel's failure to offer expert medical testimony at trial concerning PTSD to establish the defense of diminished capacity.[3] Respondent's Exhibit J, pp. 3-9.

To prevail on an ineffective assistance of counsel claim, petitioner must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 700 (1984). In order to demonstrate prejudice, petitioner must show that the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Given petitioner's stipulation before trial that he and a colleague had fired multiple shots at

---

[3] As respondent and the state appellate court noted, Dr. Dean never testified in the offer of proof that petitioner's mental illness prevented him from forming the intent to kill or cause serious physical injury to the victim – a *sine qua non* of petitioner's diminished capacity defense. In fact, Dr. Dean testified that, at the time of the shooting, petitioner "did not have a mental disorder which rendered him fully psychotic or that rendered him unable to understand the difference between right and wrong, but it did render him unable to correctly understand the situation he was in." Respondent's Exhibit J, p. 4. Moreover, given that petitioner was not the victim's spouse or romantically linked with the victim, the trial court rejected the battered spouse syndrome defense. Id. at 3. The Rule 29.15 motion court concluded that petitioner could not demonstrate prejudice under Strickland v. Washington, 466 U.S. 668 (1984), because the evidence would not have convinced it to accept the diminished-capacity defense. Respondent's Exhibit F, p. 53.

4

the victim, hitting him in the head, abdomen, and left thigh and killing him and petitioner's testimony that he purposefully pulled up behind the victim as he was backing out a driveway in a car filled with people and shot the victim because he thought the victim wanted to kill him and would do so in the future if petitioner did not kill him first, see Respondent's Exhibit B, pp. 6, 44, 52-53, the state courts' adjudications of petitioner's claims were not contrary to or did not involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or did not result in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). Ground 1 will be denied.

Accordingly, it is **ORDERED** that:

(1) the petitioner for writ of habeas corpus is denied;

(2) petitioner's motion for an evidentiary hearing (Doc. No. 11) is denied as moot; and

(3) this case is dismissed with prejudice.

     /s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,
Dated:   4/24/06   .

5

Case 4:06-cv-00062-ODS   Document 12   Filed 04/24/06   Page 5 of 5